# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GERMAN PAGUADA & LUIS LARA, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2283 |
| | § | |
| WILMER ORDONEZ, *d/b/a* | § | |
| WILMER ORDONEZ CONSTRUCTION, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court are the request for entry of default and motion for final default judgment filed by plaintiffs German Paguada ("Paguada") and Luis Lara ("Lara") (collectively, the "plaintiffs") against defendant Wilmer Ordonez, *d/b/a* Wilmer Ordonez Construction. Dkts. 8, 12. After reviewing the relevant filings and applicable law, the request and motion are **GRANTED**.

## I. BACKGROUND

Plaintiffs worked as laborers for defendant over several months in late 2010 and early 2011. Dkt. 12, Ex. A (Paguada's declaration) at 1 ¶ 1 (Paguada worked for defendant from August 10, 2010 through February 2, 2011); Dkt. 12, Ex. B (Lara's declaration) at 1 ¶ 1 (Lara worked for defendant from November through December 2010). They both worked in excess of 40 hours in certain weeks, and defendant failed to pay plaintiffs the proper minimum wage at times and/or failed to pay plaintiffs a proper overtime wage calculated at a lawful hourly rate plus time and a half overtime pay, as required by federal law. Dkt. 12, Ex. A at 1 ¶¶ 2–3; Dkt. 12, Ex. B at 1 ¶ 2. Plaintiffs allege that defendant committed these actions willfully. Dkt. 1 at 2 ¶ 7; *id.* at 3 ¶ 14.

On July 30, 2012, plaintiffs filed suit against defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for failure to pay plaintiffs the applicable

minimum wage, § 206, and failure to pay overtime, § 207.  Dkt. 1.  They seek to recover unpaid wages and overtime wages, liquidated damages, attorneys' fees, and costs.  *Id.*  Personal service was effected on defendant on January 23, 2013.  Dkt. 7 at 2.  As of this date, defendant has not appeared or answered.  Plaintiffs now move the court for entry of default and default judgment.

## II. ANALYSIS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."  FED. R. CIV. P. 55(a).  Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested.  S.D. TEX. L.R. 5.5.

Plaintiffs properly served process on Ordonez by personal service on January 23, 2013.  Dkt. 7 at 2.  The summons was addressed to Ordonez and explained the consequences of not answering the complaint within twenty-one (21) days, pursuant to Federal Rule of Civil Procedure 12(a).  *Id.* at 1.  Ordonez has not answered or otherwise made an appearance.  Plaintiffs properly served their request for entry of default and motion for final default judgment pursuant to Local Rule 5.5 by mailing copies to Ordonez via U.S. Certified Mail, return receipt requested.  Dkt. 8 at 3; Dkt. 12 at 8.  Accordingly, Ordonez was properly served in this case both with process and plaintiffs' motion for default judgment.  Given Ordonez's failure to answer the complaint within twenty-one (21) days, the court has the authority to accept all well-pleaded facts in plaintiffs' complaint as true and to award the relief sought by plaintiffs in this action.

In this case, plaintiffs seek actual damages for their unpaid regular and overtime wages pursuant to 29 U.S.C. § 216(b).  Dkt. 12 at 2.  Additionally, they seek liquidated damages in the

amount equal to their unpaid regular and overtime wages pursuant to § 216(b) because Ordonez's actions were willfully unlawful. *Id.* at 3. And, plaintiffs seek attorneys' fees. *Id.*

Specifically, Paguada seeks $4,030.00 in unpaid regular and overtime wages and liquidated damages in the same amount for a total principal amount of $8,060.00. *See* Dkt. 12 at 3; Dkt. 12, Ex. A at 1. Lara seeks $537.40 in unpaid regular and overtime wages and liquidated damages in the same amount for a total principal amount of $1,074.80. *See* Dkt. 12 at 3; Dkt. 12, Ex. B at 1. They also request attorneys' fees and costs in the amount of $4,956.50. Dkt. 12 at 3–4.

The court finds that Ordonez's failure to answer or otherwise appear, within the time required by the Federal Rules, places him in default, and after reviewing the well-pleaded facts alleged in the complaint, entry of default and default judgment are warranted. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The court therefore finds Ordonez liable for unpaid minimum wages and overtime pay as requested in the plaintiffs' motion for default judgment. The court also finds Ordonez liable for an equal amount of liquidated damages for his willful conduct, as established by the facts alleged in the complaint.

Further, regarding attorneys' fees and costs, the FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006). After reviewing plaintiffs' counsel's declaration and supporting documents, *see* Dkt. 12, Ex. C (declaration of Charles Scalise), in light of applicable law on fee award determinations, the court finds that plaintiffs' requested fees and costs are

reasonable and necessary.  Accordingly, the court will award plaintiffs $4,241.50 in attorneys' fees and $715.00 in costs for a total fee award of $4,956.50.

### III. CONCLUSION

Plaintiffs' request for entry of default (Dkt. 8) and motion for default judgment (Dkt. 12) are hereby **GRANTED**.  The court will enter a separate final judgment consistent with this order.

It is so **ORDERED**.

Signed at Houston, Texas on November 19, 2013.

_____
Gray H. Miller
United States District Judge